IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS SCOTT MAYBERRY )
)
v. ) NO. 3:11-0855
)
HUMPHREYS COUNTY, et al. )

**O R D E R**

Presently pending is the motion of Defendant George T. Mathai for summary judgment (Docket Entry No. 36). The plaintiff shall have until February 29, 2012, to file a response to the motion for summary judgment.[1]

The plaintiff is advised that Rule 56(a) of the Federal Rules of Civil Procedure mandates that summary judgment be granted if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Once the defendant properly shows the absence of a genuine dispute for trial, the plaintiff must show that the material facts are genuinely disputed by citing to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, or show that the materials cited by the defendant do not establish an undisputed fact or that the defendant cannot produce admissible evidence to support such fact(s).

---

[1] The plaintiff has not responded to the motion to dismiss (Docket Entry No. 20) of defendants Sheriff Chris Davis, Becky Cunningham, Jesse Wallace, Mike Mealler, Teddy Hooper, Tammy Ross, Will Hooper, Bonnie Robertson, Thelma Davidson, Theresa Howell, Brent Hubble, Alan Wallace, Greg Ryan, Brian Baker, and David Flower. By Order entered December 7, 2011 (Docket Entry No. 25), the plaintiff was given a deadline of January 9, 2012, to respond to the motion to dismiss.

The plaintiff is also advised that, if he wishes to dispute the facts submitted by the defendant, he must respond to the defendant's statement of undisputed, material facts in accord with Local Rule 56.01(c), by responding to each fact set forth by the defendant by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purposes of ruling on summary judgment; or (3) by demonstrating that the fact is disputed, with specific citation to the record. The plaintiff may include his responses to each fact listed on the same copy of the defendant's Statement of Undisputed Facts with which he was served, and then file that document together with his response. If the plaintiff needs more space to respond to the defendant's Statement of Undisputed Facts, the plaintiff may attach additional pages thereto.

Finally, the plaintiff is advised that failure to file a timely response to the motion for summary judgment could result in the dismissal of the claims brought against this defendant.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge