IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS SCOTT MAYBERRY )
)
v. ) NO. 3:11-0855
)
HUMPHREYS COUNTY, et al. )

TO: Honorable Aleta A. Trauger, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered September 16, 2011 (Docket Entry No. 6), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court are the Motion to Dismiss of Defendants Chris Davis, Becky Cunningham, Jesse Wallace, Mike Mealler, Teddy Hooper, Tammy Ross, Will Hooper, Bonnie Robertson, Thelma Davidson, Theresa Howell, Brent Hubble, Alan Wallace, Greg Ryan, Brian Baker, and David Flower ("the Jail Defendants") (Docket Entry No. 20), the Motion for Summary Judgment of Defendant George Mathai[1] (Docket Entry No. 36), and the Motion to Dismiss of Defendant Humphreys County (Docket Entry No. 42). The plaintiff has filed a response in

---

[1] Although this Defendant was named by the plaintiff and is listed on the docket as George "Maphai," in his answer (Docket Entry No. 27), this Defendant represents that his surname is Mathai. The Court shall refer to him in this Report by his correct surname.

opposition (Docket Entry No. 82), to which the Jail Defendants and Humphreys County have filed a reply (Docket Entry No. 85). Set out below is the Court's recommendation for disposition of the motions.

**I. BACKGROUND**

The plaintiff, a prisoner confined at the Lois M. DeBerry Special Needs Facility ("DSNF"), filed this action pro se and in forma pauperis on September 7, 2011, seeking damages under 42 U.S.C. § 1983 for alleged violations of his civil rights that occurred in Humphreys County, Tennessee. He also seeks relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.

The plaintiff is severely disabled by a rare disorder called fibrodysplasia that "makes [his] muscles turn into bone." See Complaint (Docket Entry No. 1), at 12. As a result of this condition, he is unable to get into or out of bed, eat, dress, or bathe on his own. He does not have the use of his arms or other muscles. On May 11, 2011, the plaintiff was arrested by Deputies Brian Baker and David Flower after the plaintiff attended traffic court.[2] He alleges that Baker and Flower unnecessarily dragged him several feet during the arrest although he was not resisting and was obviously disabled, which he alleges caused him to suffer an injury to his foot and a dislocated elbow.

The plaintiff was thereafter taken to the Humphreys County, Tennessee Jail ("Jail"), where he was confined until June 7, 2011, when he was transferred to the DSNF. While at the Jail, he

---

[2] It appears that the plaintiff was on house arrest at the time he attended traffic court and was arrested for violating the terms of his house arrest.

2

alleges that he was not given a hospital bed or the assistance of a nurse despite his medical condition and his unique needs and that the staff at the Jail, including Sheriff Chris Davis and Jail Administrator Becky Cunningham, refused to ensure that he was properly assisted in basic daily functions such as eating, bathing, dressing, going to the bathroom, "rotating," and getting in and out of bed. Instead, he alleges that his mother was permitted to come to the Jail and help him eat on May 11, 2011, and that three other inmates at the Jail were told by or "contracted with" the Jail staff to assist him. He states that he was forced to lie on a thin mat on top of the concrete floor and alleges that he lost significant weight while at the Jail and suffered an infection in his foot because it was not properly treated. The plaintiff alleges that Dr. Mathai, the acting doctor at the Jail, refused to make appropriate orders for his treatment and refused to provide pain medication to the plaintiff. The plaintiff also alleges that his First Amendment religious rights were violated because Sheriff Davis "tried to force his religion on [the plaintiff]" and would not let the plaintiff have a Koran "but instead tried to make [the plaintiff] take the Bible." See Complaint (Docket Entry No. 1), at 10.

In his complaint, the plaintiff named nineteen defendants: Humphreys County, Tennessee, Humphreys County Sheriff Chris Davis; Judge Larry Wallace; Humphreys County District Attorney Lisa Donegan; Humphreys County Jail Administrator Becky Cunningham; Humphreys County Commissioner Jesse Wallace; Corrections Officers Mike Mealler, Teddy Hooper, Tammy Ross, Will Hooper, Bonnie Robertson, Thelma Davidson, Theresa Howell, Brent Hubble, Alan Wallace, and Greg Ryan; Dr. George Mathai; Deputy Brian Baker; and Deputy David Flower. By Order and Memorandum entered September 16, 2011 (Docket Entry Nos. 5-6), the Court dismissed Humphreys County, Larry Wallace, and Lisa Donegan from the action, but found that the plaintiff had alleged arguable claims for relief against the other 16 defendants in their individual capacities. See Docket

3

Entry No. 5, at 7, n. 3. By Order entered December 7, 2011 (Docket Entry No. 24), the plaintiff's two motions (Docket Entry Nos. 10 and 16) to amend his complaint were granted and he was permitted to amend his complaint to add municipal claims against Humphreys County, which was added as a defendant to the action.

## II. THE DEFENDANTS' MOTIONS AND THE PLAINTIFF'S RESPONSE

The Jail Defendants seek dismissal asserting that the plaintiff fails to state claims against them upon which relief may be granted and, alternatively, that they are entitled to qualified immunity from any damage claims brought against them in their individual capacities. With respect to the plaintiff's ADA claims, they contend that the ADA does not provide for individual liability. See Docket Entry No. 20.

Defendant George Mathai seeks summary judgment of the claims brought against him. Relying on his own affidavit (Docket Entry No. 39), Defendant Mathai contends that there is no evidence to support a claim that he treated the plaintiff with deliberate indifference concerning his medical needs. To the contrary, Defendant Mathai asserts that the undisputed evidence shows that, upon his initial examination of the plaintiff on May 12, 2011, he made a written recommendation that the Jail was not equipped and staff at the Jail were not trained to meet the plaintiff's medical needs and the plaintiff would be better served at a special needs facility. Id. at 3. Defendant Mathai asserts that he next examined the plaintiff on June 2, 2011, after which he made a written recommendation that, if the plaintiff were to stay at the Jail, he must have a nurse to care for him 24 hours a day. Id. at 3-4. He further contends that he made orders for medication and extra sleeping mats to be provided to the plaintiff. Id. at 4.

Defendant Humphreys County seeks dismissal of the plaintiff's amended complaint contending that the plaintiff's allegations against it are conclusory, do not show a basis for municipal liability against Humphreys County, and fail to asserts claims upon which relief can be granted under either 42 U.S.C. § 1983 or the ADA. See Docket Entry No. 42.

The plaintiff filed a single response to the motions in which he sets out seven specific examples of hardships he endured at the Jail because of the alleged lack of care and accommodations for his unique medical needs. He also attempts to more fully explain his claim against Sheriff Davis for failing to properly investigate the alleged use of excessive force by Defendants Baker and Flower and his ADA claim, and points to specific violations of "TCI" correctional rules which he contends occurred See Docket Entry No. 82.

The Jail Defendants and Defendant Humphreys County filed a reply to the plaintiff's response in which they contend that the plaintiff's pro se response fails to demonstrate how the allegations contained in his pleadings set forth plausible claims upon which relief can be granted. They argue that the response merely restates factual allegations from the pleadings and lists new factual allegations not set forth in the pleadings which are not properly considered when reviewing the pending motions to dismiss. See Docket Entry No. 85.

### III. STANDARDS OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169

F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

6

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on

7

the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

A. Defendant Mathai

The plaintiff has not responded to the arguments made in the motion for summary judgment and has not supported his claims against Defendant Mathai with any evidence. Defendant Mathai supports his motion with affirmative evidence in the form of his own affidavit which shows that he examined the plaintiff on two occasions and both times recommended that the plaintiff be transferred to another facility or be provided with a nurse 24 hours a day. See Docket Entry No. 39. Defendant Mathai's evidence also shows that he issued orders that the plaintiff be given extra sleeping mats and medications while at the Jail. The plaintiff does not dispute this evidence and does not provide any other evidence supporting a claim of constitutional liability against Defendant Mathai.

Based on the evidence before the Court, no reasonable jury could find that Defendant Mathai acted with deliberate indifference to the plaintiff's serious medical needs as is required for a constitutional claim based on allegations that medical care has been denied to a prison inmate. See

Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to Defendant Mathai.

B. The Jail Defendants

To the extent that the plaintiff's complaint asserts claims for individual liability under the ADA against the Jail Defendants, such claims should be dismissed because individual defendants are not subject to suit under the ADA. See Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 484); Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n.1 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000).

With respect to the plaintiff's Section 1983 claims, the Jail Defendants argue that the plaintiff fails to assert claims against them upon which relief can be granted and, alternatively, that they are entitled to qualified immunity from any claims for damages asserted by the plaintiff. The Court shall address the Jail Defendants' arguments in that order.

The Court agrees that the plaintiff fails to state a constitutional claim upon which relief can be granted against Defendant Jesse Wallace. Wallace is alleged to be a Humphreys County

Commissioner who refused to help the plaintiff despite being notified of the plaintiff's condition and surroundings at the Jail. See Complaint at 11. There are no facts alleged showing that Wallace had any interaction with the plaintiff, had any role in the plaintiff's confinement at the Jail or in making decisions regarding the plaintiff, or had any authority over the day-to-day management of inmates confined at the Jail. The plaintiff's statement that it "was well within [Defendant' Wallace's] power to act on my behalf," id., is conclusory and fails to support a constitutional claim of individual liability against Defendant Wallace under Section 1983.

Any claims against the Jail Defendants in their official capacities should also be dismissed because any official capacity claims are essentially the same as claims against Humphrey County, the entity which employees the Jail Defendants. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir. 2008), cert. denied 555 U.S. 1126, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009). As such, the official capacity claims against the Jail Defendants should be dismissed as duplicative of the claims brought directly against Humphreys County.

However, the Court disagrees that the plaintiff's pleadings are insufficient to state constitutional claims against the remaining Jail Defendants in their individual capacities. While the pro se complaint is certainly not drafted with the specificity and completeness which would be expected in a pleading drafted by an attorney, pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). Further, to survive the motion to dismiss, the plaintiff's pleadings are not required to set out detailed factual allegations,

Twombly, 550 U.S. at 555, as long as his pleadings are not conclusory and offer sufficient factual allegations to raise his claims above a speculative level with only a "sheer possibility" of relief. Iqbal, 556 U.S. at 678-79.

The Court finds that the pro se plaintiff's pleadings are sufficient under the Twombly and Iqbal standards and that the action should not be dismissed against the remaining Jail defendants at this point in the proceedings. The plaintiff's allegations are not conclusory, the Court does not have to conjure up unpled allegations to support viable claims, and none of the defendants have to guess at the basis for the claims brought against them. The plaintiff clearly identifies the underlying constitutional wrongdoings by alleging that he suffers from a significantly debilitating medical condition that was not appropriately addressed at the Jail and that his serious medical needs were met with deliberate indifference by the defendants through both a lack of care and the manner in which he was confined.[3] He gives some specific examples of how he was confined at the Jail and asserts that he suffered significant weight loss, his foot became infected, and he suffered pain as a result of his treatment. The plaintiff also sufficiently alleges the conduct of the actors who were involved in these wrongdoings. He asserts that Defendants Davis and Cunningham, as the Sheriff and Jail Administrator, respectively, made decisions at the Jail regarding his confinement that led to his being treated in an unconstitutional manner and there is enough context provided in the pleadings to infer that they are not being sued merely because of their supervisory positions, but because of their

---

[3] Although the bulk of the plaintiff's complaint is directed at his constitutional claims related to how his serious medical condition was addressed at the Jail, he also asserts a First Amendment claim against Defendant Davis and a Fourth Amendment claim against Defendants Baker and Flower. These claims are addressed infra at 15-17.

11

personal involvement in the events at issue.[4] Defendants Mealler, T. Hooper, Ross, W. Hooper, Roberston, Davidson, Howell, Hubble, A. Wallace, and Ryan are all staff members at the Jail who are alleged to have refused to assist the plaintiff in eating, bathing, dressing, rotating, or getting into and out of his bed despite his obvious need and his requests for assistance.

In Estelle, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment" (citation omitted), and that such deliberate indifference "states a cause of action under [42 U.S.C.] § 1983." The Supreme Court reiterated in Farmer that deliberate indifference by prison officials which subjects a prisoner to inhumane conditions of confinement violates the Eighth Amendment. The plaintiff's allegations satisfy both the objective and subjective elements of an Eighth Amendment claim under Estelle and Farmer when challenged via a motion to dismiss for failure to state a claim.

To the extent that the Jail Defendants argue that the plaintiff has not alleged that he was injured and has not alleged that he was unable to bath, eat, dress, or get in and out of bed, see Reply (Docket Entry No. 85), at 2-7, the Court finds the Defendants' position to be based on a narrow reading of the complaint in light of the plaintiff's allegations of weight loss and pain and the overall context of his allegations. Further, the exact manner in which the plaintiff was able to perform basic human functions and the adequacy of his conditions of confinement at the Jail cannot be conclusively inferred from his complaint and are more properly examined with a developed record. Although further proceedings in the action may ultimately show that the plaintiff's constitutional

---

[4] For example, Defendant Cunningham is alleged to have stated that "it's not my concern" when the plaintiff asked her how he was supposed to use the bathroom. See Complaint, at 11.

claims are not supported by an evidentiary basis, the factual averments in his pleadings, if true, "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

The Court now turns to the Jail Defendants' assertion of qualified immunity. The affirmative defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Gardenhire v. Schubert, 205 F.3d 303, 310-11 (6th Cir. 2000). The qualified immunity analysis involves two inquiries.[5] One inquiry is whether there are sufficient facts alleged to show that a constitutional violation has occurred. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Sigley v. City of Parma Heights, 437 F.3d 527, 537 (6th Cir. 2006); Jackson v. Leighton, 168 F.3d 903, 909 (6th Cir. 1999). Given the Court's conclusion that the plaintiff sufficiently states constitutional claims upon which relief can be granted against the Jail Defendants, the first part of the qualified immunity analysis does not favor the defendants.

If the Court finds that the facts presented to the Court sufficiently show that a constitutional violation has occurred, the Court determines whether the constitutional right was clearly established at the time of the incident in question that a reasonable officer in the defendant's position would have known that his conduct violated that right. See Saucier, 533 U.S. at 201; Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900-01 (6th Cir. 2004); Feathers v. Aey, 319 F.3d 843, 848 (6th Cir.

---

[5] In Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the United States Supreme Court clarified that the two inquiries of the qualified immunity analysis did not have to be undertaken in any particular order.

2003); Burchett v. Kiefer, 310 F.3d 937, 942-43 (6th Cir. 2002); Risbridger v. Connelly, 275 F.3d 565, 569 (6th Cir. 2002).

The Court finds that the second prong of the qualified immunity analysis likewise does not favor the Jail Defendants. It has been clearly established in this Circuit since at least the decisions in Weeks v. Chaboudy, 984 F.2d 185 (6th Cir. 1993) (Eighth Amendment violation found when prison physician's refusal to admit wheelchair bound inmate to infirmary prevented the inmate from using his wheelchair and rendered him unable to shower himself or care for his person), Hicks v. Frey, 992 F.3d 1450 (6th Cir. 1993) (jail administrator and chief nurse found liable under the Eighth Amendment based on claims that paraplegic inmate was subjected to conditions of confinement which rendered him essentially bedridden and deprived him of basic human needs), and Leach v. Shelby Cnty., 891 F.2d 1241 (6th Cir. 1989), cert. denied, 495 U.S. 932, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1989) (Eighth Amendment violation found when paraplegic inmate was not given a special mattress or assistance with bathing or bodily functions for his first ten days in county jail), that prison officials cannot turn a blind eye to the needs of prison inmates who suffer from significant debilitating medical conditions that limit their mobility and their ability to perform basic human functions.

The Jail Defendants point to the principle that courts determining whether a right is clearly established must do so "in light of the specific context of the case, not as a broad general proposition." Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002) (quoting Saucier, 533 U.S. at 201), and contend that there was no law clearly establishing "an inmate's right to a full time nurse and hospital bed when the inmate claims to suffer from a rare disorder such as fibrodysplasia." See Memorandum in Support (Docket Entry No. 21), at 8. The Court finds this argument unpersuasive.

To be clearly established, a plaintiff need not show a prior case exactly mirroring his specific and possibly unique factual circumstances. See Champion, 380 F.3d at 902. The Court has not relied on broad propositions of constitutional law in determining that the plaintiff's rights were clearly established, and this Circuit's decisions in Weeks, Hicks, and Leach are sufficient to clearly establish the right of the plaintiff to be provided with proper and appropriate treatment during his confinement in light of his debilitating medical conditions.

Based on the factual allegations of the plaintiff's pleadings, an objectively reasonable person in the positions of the Jail Defendants would have understood that they were under a duty to have provided some level of extra assistance to the plaintiff or to have taken some steps to address his debilitating condition with respect to his inability to care for his basic human needs. The plaintiff's allegations are that the Jail Defendants took virtually no steps to provide assistance or address the plaintiff's needs but, instead, left the responsibility for the plaintiff's care, including the performance of basic human needs, to the charge of other inmates at the Jail. Because the Jail Defendants have raised their qualified immunity defense in the stance of a motion to dismiss, the Court is limited to review of the allegations of the pleadings and not upon a developed factual record. In this stance, the Court finds that the Jail Defendants are not entitled to qualified immunity on the plaintiff's claims that he was treated in an unconstitutional manner at the Jail with respect to his medical condition and the care of his basic human needs.

The plaintiff also brings a First Amendment claim against Sheriff Davis based on the allegation that Davis refused to allow the plaintiff to have a Koran and tried to make the plaintiff "take the Bible." Defendant Davis' argument in support of dismissal of this claim is set out in the Defendants' reply and consists of a contention that the plaintiff's allegation does not a state a

15

constitutional claim under Section 1983 because "several comparative practices" have been found by the Sixth Circuit to be reasonably related to penological interests and, thus, constitutionally permissible. See Reply (Docket Entry No. 85), at 6.

This argument is unpersuasive. In none of the four cases cited by Defendant Davis does the Sixth Circuit make a blanket pronouncement that it is constitutionally permissible to deny an inmate a Koran in all cases such that the plaintiff's claim fails to state a claim upon which relief can be granted as a matter of law. Further, evaluating whether there is a legitimate penological interest that permits a restriction on the constitutional rights of incarcerated individuals, see Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987); Walker v. Mintzes, 771 F.2d 920, 929 (6th Cir. 1985), is not normally an exercise that can be undertaken in the context of a motion to dismiss brought under Rule 12(b)(6). Indeed, in the instant case, there is nothing in the record regarding what penological interest may have existed to support the alleged denial of a Koran to the plaintiff at the Jail.

The final allegation against Sheriff Davis is a claim that he failed to file a report upon the plaintiff's complaint that Defendants Baker and Flower used excessive force against him during his arrest. See Complaint (Docket Entry No. 1), at 10. This allegation, even if true, fails to state a constitutional claim upon which relief can be granted because an individual has no constitutional right to have a criminal report or criminal charges filed upon his or her request. See Diamond v. Charles, 476 U.S. 54, 63, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); Parkhurst v. Tabor, 569 F.3d 861, 866 (8th Cir. 2009).

Defendants Baker and Flowers assert that they are entitled to qualified immunity from the plaintiff's claim that they used unnecessary force during the plaintiff's arrest. Under the Fourth

Amendment, individuals have a right to be free from excessive force when police make an arrest or seizure. See Graham v. Connor, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Lyons v. City of Xenia, 417 F.3d 565, 575 (6th Cir. 2005); Kostrzewa v. City of Troy, 247 F.3d 633, 638-39 (6th Cir. 2001). The defendants focus on what they contend is a lack of factual allegations in the complaint that show that the plaintiff's condition was known to the officers at the time of his arrest. See Memorandum in Support (Docket Entry No. 21), at 11.

The Court finds the Defendants' argument to be unpersuasive and that they are not entitled to qualified immunity at this time. Much like the plaintiff's allegations regarding how he was treated at the Jail, the plaintiff's allegations regarding his arrest, while not extensively detailed, are sufficient to state a claim upon which relief can be granted and are sufficient to defeat the qualified immunity defense raised in the Defendants' motion to dismiss. Although the plaintiff does not specifically allege that he alerted the officers to his condition, it is reasonable to infer from his allegations about the nature of his medical condition that his condition is obvious to anyone observing him. Further, even if the plaintiff were a completely healthy individual, his allegations of being dragged thirty feet and injured despite not offering any resistance are sufficient to state a constitutional claim and defeat the assertion of qualified immunity. Whether or not excessive force was used against the plaintiff is largely a factual question, see Graham, supra, which cannot be resolved on the basis of the current record.

C. Humphreys County

The Court does not agree that the plaintiff has failed to state a claim upon which relief can be granted under Section 1983 against Humphreys County. A municipality may be held liable under

Section 1983 when its policy or custom causes the constitutional violation in question. Monell, 436 U.S. at 694. Municipal liability may attach for policies promulgated by the official vested with final policymaking authority for the municipality. Pembaur v. City of Cincinnati, 475 U.S. 469, 482–83, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

As set out supra at Section IV(B), the Court finds that the plaintiff's allegations are sufficient to state underlying constitutional claims based on the events that occurred at the Jail, and the plaintiff thus satisfies an underlying requirement for any claim of municipal liability. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Given the context of the instant action, a fair reading of the pro se pleadings is that the plaintiff's claim against Humphreys County is not based solely upon a theory of respondeat superior, but is instead based upon the theory that the policy of Humphreys County regarding the care and confinement of inmates with debilitating conditions at the Jail was promulgated by Defendants Davis and Cunningham. While development of the record may show that this theory of liability lacks evidentiary proof, dismissal is not appropriate at this stage of the proceedings.[6]

With respect to the ADA claim brought against Humphreys County, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a

---

[6] The plaintiff's amended pleadings include additional allegations that he was given two pork hot dogs on a single occasion and that his social security check was "cut off." See Docket Entry No. 16, at 3. The Court finds that these allegations fall into the category of de minimis allegations or allegations of negligence, which are insufficient to state constitutional claims. See Mabon v. Campbell, 2000 WL 145177 (6th Cir. Feb 1, 2000) (unpublished) (claim of a delayed breakfast for prisoner during Ramadan does not rise to the level of constitutional violation); Stoner v. Jett, 1991 WL 138439 (6th Cir. July 29, 1991) (unpublished) (claim based upon single instance of pork being served on supposedly pork-free food tray shows nothing more than negligence which does not rise to a level showing a First Amendment violation).

public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.[7] The Defendant does not dispute that the ADA applies to the Jail. The plaintiff's pleadings, in which he alleges that he was housed in a cell that did not accommodate his disability and special needs and generally confined in a manner inconsistent with his disability, are sufficient at this stage of the proceedings to state a claim upon which relief can be granted.

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that:

1) the Motion for Summary Judgment of Defendant George Mathai (Docket Entry No. 36), be GRANTED and Defendant Mathai be DISMISSED from the action;

2) the Motion to Dismiss of Defendants Chris Davis, Becky Cunningham, Jesse Wallace, Mike Mealler, Teddy Hooper, Tammy Ross, Will Hooper, Bonnie Robertson, Thelma Davidson, Theresa Howell, Brent Hubble, Alan Wallace, Greg Ryan, Brian Baker, and David Flower (Docket Entry No. 20) be GRANTED with respect to the claims brought against Defendant Jesse Wallace, GRANTED with respect to the claim against Defendant Chris Davis for failure to file a report, GRANTED with respect to the plaintiff's individual liability claims brought under the ADA, and GRANTED with respect to official capacity claims against the Jail Defendants. The Motion to Dismiss should be DENIED in all other respects; and

---

[7] Title II of the ADA applies to public entities, see 42 U.S.C. § 12131(1)(B), and is applicable to services, programs, or activities of correctional facilities. See Pennsylvania Dep't of Corr. v. Yetsky, 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) (Title II applies to state prisons); Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) (Title II applies to jails).

3) the Motion to Dismiss of Defendant Humphreys County (Docket Entry No. 42) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge