IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS SCOTT MAYBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-00855 |
| ) | |
| HUMPHREYS COUNTY, *et al.*, ) | Judge Trauger |
| ) | Magistrate Judge Griffin |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Chris Scott Mayberry, proceeding *pro se*, filed his complaint in this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"). By order entered September 16, 2011 (ECF No. 6), this action was referred to Magistrate Judge Juliet Griffin for entry of a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 626(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure.

On December 21, 2012, defendants Humphreys County, Tennessee, Chris Davis, Becky Cunningham, Mike Mealler, Teddy Hooper, Tammy Ross, Will Hooper, Bonnie Robertson, Thelma Davidson, Theresa Howell, Brent Hubble, Alan Wallace, Greg Ryan, Brian Baker, and David Flowers filed a motion for summary judgment (ECF No. 106) asserting, based on affidavits and supporting documentations submitted with the motion, that there are no disputed issues of material fact and that they are entitled to judgment in their favor as a matter of law. On December 31, 2012, Magistrate Judge Griffin entered an order granting the plaintiff until February 11, 2013 to file a response to the motion for summary judgment. The same order further advised the plaintiff that resolution of the motion for summary judgment would be governed by the standard of review established by Rule 56 of the Federal Rules of Civil Procedure, and that if the plaintiff wished to dispute the facts submitted by the defendants, he was required to respond to the defendants' statement of undisputed material facts in accordance with Local Rule 56.01(c). (ECF No. 117, at 1–2.)

Despite this directive, the plaintiff did not file a response in opposition to the motion for summary

judgment, nor did he request an extension of the deadline for filing a response. The magistrate judge filed a Report & Recommendation ("R&R") on June 24, 2013 (ECF No. 130), recommending that the motion be granted in its entirety and that this action be dismissed with prejudice. The magistrate judge also gave notice to the plaintiff that any objections to the R&R must be filed within fourteen days of service of the R&R and "must state with particularity the specific portions of this Report and Recommendation to which objection is made." (ECF No. 130, at 16.)

On July 9, 2013 the plaintiff has filed a document titled "Motion for Response in Opposition" (ECF No. 133). This document does not articulate any specific objection to any portion of the R&R, and instead appears to seek reconsideration of the magistrate judge's prior denial of the plaintiff's request for appointment of counsel. The "motion" states only that it is prepared "by inmate legal assistants at the Lois M DeBerry Special Needs Facility," that the assistants "were just made aware of this case and have no knowledge of any previous legal proceedings prior to this notice" and were therefore "unable to assist this inmate as we have not had any factual or meaningful discussions with the Petitioner other than to receive this Report & Recommendation." (ECF No. 133, at 1–2.)

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, the court is required to consider *de novo* any portion of an R&R to which a party makes a specific objection, and may then accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Conversely, the failure to file timely, specific objections obviates not only *de novo* district-judge review of the R&R, but all district-judge review. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). District judges in this circuit therefore routinely adopt R&Rs without additional written analysis where the parties have not submitted timely objections. *Cf. Vandewege v. Comm'r of Soc. Sec.*, No. 1:07-cv-471, 2008 WL 205216, at *3 n.3 (W.D. Mich. Jan. 23, 2008).

In this case, the plaintiff did not file a response in opposition to the motion for summary judgment, and he has neither offered specific objections to the R&R nor requested an extension of the deadline for submitting particularized objections. Under these circumstances, the court concludes that it has no obligation to conduct a *de novo* review, or any review at all, of the claims and evidence presented. Notwithstanding, the court has reviewed *de novo* the claims and evidence presented to the magistrate judge and finds that Magistrate Judge Griffin conducted a thorough review of the factual record,

accurately stated the law applying to the plaintiff's claims, and appropriately applied the law to the facts to conclude on the basis of the undisputed material facts that the defendants are entitled to judgment in their favor as a matter of law.

Accordingly, the R&R is **ACCEPTED AND ADOPTED** in all respects. The defendants' motion for summary judgment (ECF No. 106) is **GRANTED**, and this action is hereby **DISMISSED WITH PREJUDICE** in its entirety.

It is so **ORDERED**.

This is the final order in this matter for purposes of Rule 58 of the Federal Rules of Civil Procedure.

_____
Aleta A. Trauger
United States District Judge